UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JERMAINE B. NELSON,

                      Petitioner,              05-CR-6077T

           v.                          **DECISION**
                                                    **and ORDER**

UNITED STATES OF AMERICA,

                      Respondent.

_____

     Petitioner Jermaine B. Nelson ("Nelson") moves for reconsideration of his criminal sentence.  On December 19, 2005, Nelson was sentenced to a term of imprisonment of 46 months pursuant to his plea of guilty to possession of a firearm by a felon. Petitioner claims that he served a portion of this sentence before being sentenced to a term of imprisonment in State court on an unrelated matter.  Petitioner has now completed his State sentence, and claims that upon being placed in federal custody, he was not given credit for the portion of the sentence he served prior to serving his State sentence.  He seeks reconsideration of this Court's sentence, and asks that his federal sentence be made to run concurrent to the State sentence that he has finished serving.

     Petitioner's motion for reconsideration is denied.  Under the Federal Rules of Criminal Procedure, there are two methods for amending a sentence.  Pursuant to Rule 35 of the Federal Rules, a district court may correct a sentence only on remand from the Court of Appeals, on motion by the Government, or where a sentence was imposed as a result of an arthimatic or other clear error.  Rule 36 of the Federal Rules allows a court to correct "[c]lerical mistakes

in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission . . . ."   Because the relief sought by Nelson in this motion involves neither a clerical oversight nor arithmatic mistake, and does not pertain to any other basis for amending a sentence, petitioner's motion is denied.

Moreover, based on a review of the proceedings in this matter, it is clear that throughout the federal proceedings, petitioner was in the primary custody of New York State, having been detained on a parole violation.   Petitioner was only temporarily released to federal court pursuant to a Writ of Habeas Corpus ad Prosequendum, and was held in temporary federal custody pursuant to an Order issued on April 4, 2005 by Magistrate Judge Feldman.   Following the federal sentencing, petitioner was returned to State custody, where according to the petitioner, he was sentenced on March 2, 2006, to a term of two years imprisonment.   Accordingly, the time served by Nelson following his December 19, 2005 sentencing in federal court, and his March, 2006 sentencing in State court was served in state custody, and therefore, no credit may be awarded to the petitioner for time served during that period.   Moreover, there is no basis for amending petitioner's sentence to have it run concurrent to his recently completed State sentence.   I therefore deny petitioner's motion for modification of his sentence.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
    MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          November 18, 2008